IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

BETTY JO KIDD,

    Plaintiff,

v.                                        Civil Action No. 5:04CV50
                                                      (STAMP)
JO ANNE B. BARNHART,
Commissioner of Social
Security Administration,

    Defendant.

**MEMORANDUM OPINION AND ORDER**
**ACCEPTING AND ADOPTING REPORT AND**
**RECOMMENDATION OF MAGISTRATE JUDGE**

I.  Background

The plaintiff, Betty Jo Kidd ("Kidd"), filed an action in this Court on April 16, 2004 seeking judicial review of an adverse decision by the defendant, Commissioner of Social Security, pursuant to 42 U.S.C. § 405(g). The case was referred to United States Magistrate Judge John S. Kaull for submission of proposed findings of fact and recommendation for disposition pursuant to 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B).[1] The defendant filed an answer to plaintiff's complaint on July 12, 2004, and later filed a motion for summary judgment. The plaintiff filed a motion to remand on September 10, 2004.

Magistrate Judge Kaull considered the defendant's motion for summary judgment and the plaintiff's motion to remand, and

---

[1] This case was originally referred to Magistrate Judge James E. Seibert. It was transferred by order of reference entered on May 31, 2005 following a report and recommendation entered by Magistrate Judge Kaull.

submitted a report and recommendation. In his report, the magistrate judge recommended that the plaintiff's motion to remand be denied and that the defendant's motion for summary judgment be granted because evidence submitted to the Court by the plaintiff does not constitute new evidence, and therefore, does not require remand to the Commissioner.

Upon submitting this report, Magistrate Judge Kaull informed the parties that, if they objected to any portion of his proposed findings of fact and recommendation for disposition, they must file written objections within ten days after being served with a copy of the report. To date, no objections have been filed by the parties.

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court is required to make a de novo review of those portions of the magistrate judge's findings to which objection is made. However, failure to file objections to the magistrate judge's proposed findings and recommendation permits the district court to review the recommendation under the standards that the district court believes are appropriate and, under these circumstances, the parties' right to de novo review is waived. See Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982); Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Accordingly, this Court reviews the report and recommendation of the magistrate judge for clear error.

2

## II. Facts

On August 9, 2002, the plaintiff filed an application for disability insurance benefits ("DIB"). The Commissioner denied her application. The plaintiff requested and obtained an administrative hearing on April 30, 2003 before an Administrative Law Judge ("ALJ"). The ALJ determined that the plaintiff had not been under a disability within the definition of the Social Security Act. On January 15, 2004, the Appeals Council denied plaintiff's request for review of the ALJ's decision. The plaintiff then filed the present action with this Court.

## III. Applicable Law

An ALJ's findings will be upheld if supported by substantial evidence. See Milburn Colliery Co. v. Hicks, 138 F.3d 524, 528 (4th Cir. 1998). Substantial evidence is that which a "'reasonable mind might accept as adequate to support a conclusion.'" Hayes v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Further, the "'possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence.'" See Sec'y of Labor v. Mutual Mining, Inc., 80 F.3d 110, 113 (4th Cir. 1966)(quoting Consolo v. Fed. Mar. Comm'n, 383 U.S. 607, 620 (1966)).

## IV. Discussion

In her motion for remand, the plaintiff attaches an opinion letter from Jerry R. Hersey, M.D., indicating that he was a

3

treating physician of the plaintiff from February 11, 1992 through October 1, 1998. The letter is dated June 6, 2003, and indicates that the plaintiff suffered from fibromyalgia syndrome of chronic nature during the treatment period. Moreover, Dr. Hersey opined that he "considered her at the time to be essentially unable to pursue anything but activities that would be sedentary in nature." Pl.'s Mot. Remand, Ex. 1 at 2. The plaintiff maintains that she filed Dr. Hersey's opinion with the Appeals Council on or about July 2003 but argues that this evidence was apparently not considered by the Appeals Council because it was not made a part of the transcript. Accordingly, the plaintiff argues that this Court should remand the above-styled action because Dr. Hersey's opinion is both new and material.

The magistrate judge considered the plaintiff's argument in light of the four-part test set forth in <u>Borders v. Heckler</u>, 777 F.2d 954 (4th Cir. 1985).[2] The magistrate judge correctly noted that Dr. Hersey's letter merely restated in a summary form all evidence from Dr. Hersey that was available to, and considered by, the ALJ before the plaintiff's request for disability was denied. Magistrate Judge Kaull indicates that the only arguably "new"

---

[2] Remand is warranted if (1) evidence is relevant to the determination of disability at the time the application was first filed and not simply cumulative; (2) evidence is material to the extent that the Commissioner's decision might reasonably have been different had the new evidence been before her; (3) there is good cause for the claimant's failure to submit the evidence when the claim was before the Commissioner; and (4) the claimant presents at least a general showing of the nature of newly discovered evidence. <u>Heckler</u>, 777 F.2d at 955.

4

evidence in Dr. Hersey's opinion letter is the last paragraph, stating: "I considered her at that time to be essentially unable to pursue anything but activities that would be sedentary in nature." Report and Recommendation at 16.[3]

Notwithstanding the fact that the opinion letter arguably contained a "new and relevant" paragraph, the magistrate judge correctly found that the evidence was not material. Specifically, the magistrate judge recognized that the issue of determining RFC is reserved for the Commissioner pursuant to 20 C.F.R. § 404.1527(e)(2). The magistrate judge then noted that neither Dr. Hersey's office notes nor his 2003 letter support his opinion limiting plaintiff to sedentary work. Finally, the magistrate judge highlights evidence from the record indicating that the plaintiff's carpal tunnel syndrome was merely mild to minimal, that the plaintiff's description of "very painful" tennis elbow was merely tender, and that x-rays from the plaintiff's shoulder indicated only degenerative changes at the AC joint along with a small spur. Report and Recommendation 16-17. Accordingly, the magistrate judge concluded that Dr. Hersey's opinion letter would not have changed the ALJ's or Appeal Council's decision, did not warrant remand and was ultimately immaterial. See Wilkins v. Sec'y, 953 F.2d 93, 96 (4th Cir. 1991)("Evidence is material if

---

[3] The magistrate judge found this statement to be potentially "new and relevant" because the ALJ expressly noted in his opinion that "the record fails to demonstrate that a treating physician assessed the claimant with functional restrictions prior to her date last insured." Report and Recommendation at 16.

5

there is a reasonable possibility that the new evidence would have changed the outcome.").

## V. Conclusion

Because the parties have not objected to the proposed findings of fact and recommendation for disposition, and because this Court finds that the recommendation is not clearly erroneous, this Court hereby ACCEPTS and ADOPTS the magistrate judge's report and recommendation in its entirety. For the reasons stated above, it is ORDERED that the plaintiff's motion to remand be DENIED and that the defendant's motion for summary judgment be GRANTED. It is further ordered that this case be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is directed to transmit copies of this order to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: July 20, 2005

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE